IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTONIO JOHNSON #527916 | § | |
| v. | § | CIVIL ACTION NO. 9:09cv196 |
| POPPY THOMAS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Antonio Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge initially recommended that the lawsuit be dismissed because of the expiration of the statute of limitations; however, Johnson objected, saying that his grievances tolled the limitations period. The Magistrate Judge thereupon withdrew the Report and conducted an evidentiary hearing in the case.

Following this hearing, the Magistrate Judge issued a Report on November 11, 2010, again recommending that the lawsuit be dismissed. The Magistrate Judge concluded that those of Johnson's claims which arose at the Eastham Unit, against all of the defendants except for Physician's Assistant Virginia Buchanan, were barred by limitations because none of Johnson's grievances concerning these claims had received Step Two answers within two years of the date that he signed his lawsuit. The Magistrate Judge further determined that while Johnson's claims against

1

Buchanan were not barred by limitations, these claims lacked merit because Johnson failed to show that Buchanan was deliberately indifferent to his serious medical needs.

Johnson complained that he had hemophilia and could not walk, but that Buchanan told him that he could walk and sent him out of the infirmary with nothing but a walker, causing his feet to swell severely. He conceded that Buchanan told him that she would refer him to the TDCJ Brace & Limb Clinic. According to the Magistrate Judge, the medical records showed that Buchanan saw Johnson on October 15, 2007, shortly after his arrival at the Eastham Unit. She noted that his vital signs were good, he had no fever, and his lower extremities were mobile and had good fluid movement. Buchanan also said that there was nothing in Johnson's chart about his being unable to walk. Johnson was seen in the Brace & Limb Clinic three weeks after his appointment with Buchanan, and that the doctor there said that he was able to walk with a walker and that he had "fair plus to good" strength in his proximal musculature.

After setting out the legal standards regarding deliberate indifference, the Magistrate Judge concluded that Johnson had failed to show that Buchanan had refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *See* Domino v. TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001). Instead, the Magistrate Judge said, Buchanan referred him to the Brace & Limb Clinic for further examination, and that her examination and the medical records supported the conclusion that Johnson would be able to walk with the assistance of a walker. She found that his lower extremities were mobile and had good fluid movement, and an entry in his chart from the Eastham Unit indicated that he was seen in May of 2007 "walking spryly" to the showers. Other entries in Johnson's chart showed that according to Dr. Betty Williams, the unit physician at the Eastham Unit, Johnson had no medical necessity for any special work boots, he had good muscle tone and reflexes, withdrew his extremities in response to stimuli, and he was neat and well-groomed with no evidence of soiling; Dr. Williams concluded that Johnson was malingering. In September of 2007, a nurse named Poppy Thomas saw Johnson on segregation rounds and noted that he was

moving all of his extremities without difficulty. Consequently, the Magistrate Judge stated that Buchanan was not deliberately indifferent to Johnson's medical needs, based upon her observations of him and the prior observations recorded in the medical records.

Johnson filed objections to the Report of the Magistrate Judge on December 22, 2010. These objections assert that his lawsuit was not frivolous because after his arrival at the Michael Unit, he was taken to the clinic in a wheelchair and hospitalized for five days before Buchanan saw him. He says that Buchanan told him that he needed to be up walking and that he had walked at other units, and denied that she examined his legs or feet. He then told her that he was hemophiliac and that he had been injured at the Eastham Unit, and she said that she would send him to the Brace & Limb Clinic.

Johnson says that he also told Buchanan that his feet would swell if he were forced to walk or to work, but she nonetheless ordered him out of the clinic, which he left the next day. Johnson says that he had only a walker and that he could barely steady himself on it. He says that he was unable to shower and missed meals on days that the walkway was wet. Johnson says that when he saw Dr. Naik in the Brace & Limb Clinic, the doctor found that his feet were swollen to the point that Johnson could not wear the medical boots which had been issued to him seven months earlier. Johnson appears to concede that his feet were not swollen at the time that he saw Buchanan, stating as follows:

> Buchanan became responsible for my health and safety, once she was informed of my inability to walk property, and that forcing me to walk after I've already informed her of my feet, that at the wasn't swollen [sic - word apparently omitted], due to I never hung them over the bed rail for no more than 15 minutes at a time.

He says that Dr. Naik also recommended that he be transferred to a "Level Three Unit" where he was going to have to learn all over again how to strengthen his lower extremities so that he may be able one day to walk without support. Johnson characterizes Buchanan's actions in putting him out of the hospice and placing him at risk of falling was deliberately indifferent to his medical needs; he

3

also complains again about being denied a shower, a claim raised for the first time in his objections to the Magistrate Judge's Report.

Johnson's objections are without merit. As the Magistrate Judge stated, Buchanan was not obligated to believe Johnson's account of his condition over her own observations and those of other medical personnel. Nor was Buchanan deliberately indifferent to Johnson's serious medical needs. *See* Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (physicians' negligent failure to treat bedsores or an infection from a catheter did not amount to deliberate indifference). Instead, the evidence shows that Buchanan, in the exercise of her professional judgment, believed that Johnson would be able to walk with the assistance of a walker, an opinion confirmed by entries in the chart from other medical personnel. Johnson's disagreement with this assessment simply does not show that Buchanan acted with deliberate indifference, even if Buchanan's diagnosis turned out to be incorrect. Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (mere disagreement with the medical treatment received or a complaint that the treatment was unsuccessful does not set forth a constitutional claim).

In Fenlon v. Quarterman, 350 Fed.Appx. 931, 2009 WL 3444778 (5th Cir., October 26, 2009), the plaintiff was incorrectly told by prison officials that a growth on his neck was not cancerous, when in fact it was. The district court dismissed his lawsuit as frivolous. In affirming this decision, the Fifth Circuit cited Domino in holding that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Johnson's objection on this point is without merit.

Johnson also asserted in his objections that he was denied showers because he could not walk to the showering area. This complaint was raised for the first time in his objections to the Report of the Magistrate Judge. The Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Even were this issue properly before the Court, Johnson's objections on this ground have no merit. His complaint about being unable to walk to the showers is part of his overall claim that Buchanan was deliberately indifferent to his asserted inability to walk. The Magistrate Judge concluded that this claim lacked merit because Buchanan was not deliberately indifferent to Johnson's serious medical needs. In other words, Buchanan concluded in her professional judgment that Johnson was able to walk with the assistance of a walker, from which fact she could also conclude that he would be able to get to the showers. Thus, Johnson has failed to show deliberate indifference in this regard, and his objection on this point is without merit even were it properly before the Court.

Finally, the Court notes that Johnson did not object to the Magistrate Judge's conclusion that all of his claims except for those involving Buchanan are barred by the statute of limitations. Consequently, Johnson is barred from *de novo* review by the Court of those findings, conclusions, and recommendations, and from appellate review of these claims except upon plan error. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, including the Plaintiff's complaint and testimony, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that a copy of this Memorandum Opinion and Final Judgment shall be sent by the Clerk to the Administrator of the Three Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **22** day of **January, 2011.**

_____
Ron Clark, United States District Judge